**Opinion filed November 5, 2009**



**In The**

# Eleventh Court of Appeals

_____

**No. 11-08-00111-CV**

_____

**CYNDA GUINN D/B/A PATTON RANCH, Appellant**

**V.**

**FRANK VOLLEMAN, Appellee**

**On Appeal from the 220th District Court**

**Comanche County, Texas**

**Trial Court Cause No. CCCV-05-18405**

**M E M O R A N D U M   O P I N I O N**

This is an appeal from that portion of the trial court's order in which it awarded $50,000 in attorney's fees to Frank Volleman. Because the trial court had the discretion to award those fees, we affirm.

Cynda Guinn, the owner of Patton Ranch, filed suit against Frank Volleman, the owner of Wildcat Dairy, Inc. and Natural Dairy Grower Company, Inc., after Volleman expanded his dairy. The expansion included building two free-stall dairy barns just south of County Road 252. Guinn claimed that the expansion blocked access to her ranch from County Road 252. Guinn filed suit

alleging several claims, including trespass, negligence, and gross negligence. Guinn also sought a declaratory judgment that she has the right to access her property by way of County Road 252. Volleman filed a counterclaim seeking a declaratory judgment concerning the improvements and access to County Road 252. The jury found in favor of Volleman, and the trial court entered judgment denying Guinn's requested relief. The judgment further stated that the trial court "reviewed [Guinn's] demand for declaratory relief." The trial court ordered that Guinn "does not have an unlimited right of access to [her property from] CR 252," that Volleman's "interference with [Guinn's] access to her property was not wrongful," and that Guinn "has no right to remove or alter the improvements to CR 252." The trial court awarded Volleman $50,000 in attorney's fees.

Guinn does not challenge the sufficiency of the evidence or the jury's findings in favor of Volleman. In her sole issue on appeal, Guinn argues that Volleman was not entitled to an award of attorney's fees under the Declaratory Judgment Act.[1]

Declaratory relief is available pursuant to Section 37.004 as follows:

> (a) A person interested under a deed, will, written contract, or other writings constituting a contract or whose rights, status, or other legal relations are affected by a statute, municipal ordinance, contract, or franchise may have determined any question of construction or validity arising under the instrument, statute, ordinance, contract, or franchise and obtain a declaration of rights, status, or other legal relations thereunder.

In proceedings brought under the Declaratory Judgment Act, a trial court may "award costs and reasonable and necessary attorney's fees as are equitable and just." Section 37.009.

The record shows that the county commissioners approved a motion "to approve closing a section consisting of 3.92 acres of CR 252 at the Frank Volleman Dairy and open a new section consisting of 3.66 acres as deeded to the County by Frank Volleman." A .37-acre portion of County Road 252 was designated as an easement tract that ran adjacent to both Guinn's and Volleman's properties and created a dead end at Volleman's property. Volleman's expansion of his dairy included barns along the easement tract of County Road 252 that Guinn claims blocked access to her property. The county commissioners approved Volleman's improvements on the easement tract.

---

[1] TEX. CIV. PRAC. & REM. CODE ANN. §§ 37.001–.011 (Vernon 2008).

Guinn argues that this case is solely a tort action for trespass and that, despite her pleadings and despite the fact that she asked for a declaratory judgment, she really was not entitled to declaratory relief. Therefore, her argument continues that the award of attorney's fees was not appropriate. Volleman argues that Guinn requested declarations based upon her rights of ingress and egress on County Road 252 and, therefore, that the request sought a legal determination of Guinn's rights under TEX. TRANSP. CODE ANN. § 251.058 (Vernon Supp. 2009).

In her third amended petition, Guinn sought:

[A] declaratory judgment from this Court that [Guinn] has the right to access her property by way of CR 252, that Comanche County has not closed, abandoned or otherwise forsaken the portion of CR 252 herein referred to as the Easement Tract, that [Volleman's] interference with [Guinn's] access to her property is wrongful, and that [Guinn] has the right to remove said encroachment at [Volleman's] expense.

The county commissioners have authority to close, abandon, vacate, or alter county roads. TEX. TRANSP. CODE ANN. § 251.051 (Vernon 1999). The minutes from the commissioners' court meetings showed that they closed a portion of County Road 252 and relocated a portion of the road. The commissioners' court also approved the complained-of placement of Volleman's improvements. In her pleadings, Guinn sought a declaration from the court to determine the status of County Road 252 and her right to access her property from County Road 252. Section 251.058 provides in part:

(a) A property owner may not enjoin the entry or enforcement of an order of a commissioners court, acting at the request of any person or on its own initiative, to close, abandon, and vacate a public road or portion of a public road unless the property owner is entitled to an injunction because:

(1) the person owns property that abuts the portion of the road being closed, abandoned, and vacated; or

(2) the portion of the road being closed, abandoned, and vacated provides the only ingress to or egress from the person's property.

(b) Title to a public road or portion of a public road that is closed, abandoned, and vacated to the center line of the road vests on the date the order is signed by the county judge in the owner of the property that abuts the portion of the road being closed, abandoned, and vacated. A copy of the order shall be filed in the deed

3

records of the county and serves as the official instrument of conveyance from the county to the owner of the abutting property.

We agree that Guinn's pleadings seek a determination of her rights under Section 251.058. The trial court's judgment states that it reviewed Guinn's demand for declaratory relief and found that Guinn does not have unlimited access to County Road 252.

The court in its discretion may award "reasonable and necessary attorney's fees as are equitable and just." Section 37.009. There is nothing in the language of that section limiting the award of attorney's fees to the first party to invoke the Declaratory Judgment Act. *First City Nat'l Bank of Midland v. Concord Oil Co.*, 808 S.W.2d 133, 138 (Tex. App.—El Paso 1991, no writ). Because Guinn sought a declaratory judgment, Volleman's general denial and request for attorney's fees was sufficient to support an award for attorney's fees under the Declaratory Judgment Act. *Id*. Declaratory relief was available pursuant to Section 37.004; the award of attorney's fees was appropriate. The trial court did not abuse its discretion in awarding attorney's fees to Volleman.

Moreover, Guinn did not object to Volleman's evidence regarding attorney's fees, nor did she object to the jury question regarding Volleman's attorney's fees. Therefore, Guinn has not preserved her complaint for review. TEX. R. APP. P. 33.1. We overrule Guinn's sole issue on appeal.

We affirm the judgment of the trial court.


JIM R. WRIGHT
CHIEF JUSTICE


November 5, 2009

Panel consists of: Wright, C.J.,
McCall, J., and Strange, J.

4